# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

### IN RE STEPHEN M. P.

**Appeal from the Circuit Court for Cumberland County**
**No. 120117      David A. Patterson, Judge**

---

**No. E2012-01363-COA-R3-JV-FILED-SEPTEMBER 5, 2012**

---

A show cause order was entered in this case on August 16, 2012, directing the non-attorney father of the minor child in this case to state why this appeal should not be dismissed based upon his filing of the notice of appeal on behalf of his son and without the benefit of counsel. The father responded to the show cause order, but his contentions do not cure the defect in the notice of appeal. Our review of the record reveals that this court lacks jurisdiction. *See* Tenn. R. App. P. 3(a). Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; HERSCHEL P. FRANKS, P.J., CHARLES D. SUSANO, JR., J.

Dennis M. P., Crossville, Tennessee, pro se.

Mary Byrd Ferrara, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

**MEMORANDUM OPINION**[1]

Stephen M. P, a minor, was transferred by the juvenile court of Cumberland County[2] to the county's criminal court to be tried as an adult for conduct forming the basis of the delinquency petition against the youth in the juvenile court. *See* Tennessee Code Annotated section 37-1-134.[3] On May 11, 2012, the circuit court dismissed the father's appeal of the rulings by the juvenile court. A notice of appeal was filed by father with this court on June 26, 2012.[4] The father argues, inter alia, that the juvenile court erred in transferring the case without conducting a hearing on certain motions and that the circuit court likewise erred in not granting a hearing regarding the issues raised in his appeal. It appears the criminal court has appointed an attorney for the juvenile.[5]

Tennessee Code Annotated section 23-3-103(a) prohibits any person from engaging in the practice of law unless that person is duly licensed. The practice of law is defined as "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court . . . ." Violation of Tennessee Code Annotated section 23-3-103(a) is a Class A misdemeanor. Tenn. Code Ann. § 23-3-103(b).

Stephen M. P.'s father is not an attorney licensed to practice law in the State of Tennessee and, therefore, he cannot appear or file pleadings on behalf of anyone else in a Tennessee court. *See* Tenn. Sup. Ct. R. 7, § 1.01 ("No person shall engage in the "practice of law" or the "law business" in Tennessee, except pursuant to the authority of [the Tennessee Supreme] Court, as evidenced by a license issued in accordance with this Rule, or in accordance with the provisions of this Rule governing special or limited practice."); *see also* Tenn. Code Ann. § 23-3-103(a). Accordingly, the notice of appeal filed by the father is a nullity with respect to Stephen M. P. The filing is insufficient to confer subject

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2]Transfer order was entered April 24, 2012.

[3]Case number 7461.

[4]Dismissal order entered June 6, 2012.

[5]Prior counsel withdrew in April 2012.

-2-

matter jurisdiction in this court over this appeal. *See* Tenn. R. Civ. P. 11.01 ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.").

## CONCLUSION

This appeal is hereby dismissed because we lack subject matter jurisdiction. Costs are taxed to Dennis M. P.


PER CURIAM